```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

FAIRFIELD ROYALTY CORP.              *      CIVIL ACTION
                                     *
VERSUS                               *      NO. 10-3446
                                     *
ISLAND OPERATING COMPANY, INC.       *      SECTION "B"(3)
```

ORDER AND REASONS

Before the Court is Defendant's Motion to Dismiss seeking dismissal of the instant action pursuant to Rules 12(b)(1) and 12(b)(7) of the Federal Rules of Civil Procedure. (Rec. Doc. No. 7). Plaintiff has filed opposition thereto. (Rec. Doc. No. 12). For the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Rec. Doc. No. 7) be and is hereby **DENIED**.

I. *Facts of Case*

This litigation arises out of a property damage claim filed by Plaintiff against Defendant stemming from an incident/fire that occurred on or about January 13, 2010 aboard the EC-2 platform located in Louisiana territorial waters. (Rec. Doc. No. 7-1 at 1). Apache Corporation ("Apache"), Fairfield and Wilcorp Energy Company ("Wilcorp") each own a percentage working interest in the lease and property that are the subject matter herein. (Rec. Doc. No. 7-1 at 1). Apache is the operator of this property with Fairfield and Wilcorp listed as non-operators. (Rec. Doc. No. 7-1 at 1). In the instant matter, Fairfield claims entitlement "to recovery of all

1

losses, plus pre-judgment interest, plus costs, past and future lost earnings . . ." (Rec. Doc. No. 7-1 at 1). At the time of the accident Defendant provided contract operators for the EC-2 platform pursuant to a contract with Apache. (Rec. Doc. No. 7-1 at 1). The claim against Defendant is based on negligence under Louisiana Law. (Rec. Doc. No. 7-1 at 1).

In connection with the same incident, two other lawsuits have been filed by employees of Defendant for personal injury and wrongful death actions. (Rec. Doc. No. 7-1 at 2). Frank Richard, an employee of Defendant, was killed as a result of the incident that is the subject matter herein. (Rec. Doc. No. 7-1 at 2). The Richard Family filed suit in the 15th Judicial District Court, Lafayette Parish, naming Apache, Tennessee Gas, El Paso and Island Operating Company as defendants among eleven named in the suit. (Rec. Doc. No. 7-2). Apache, Tennessee Gas, and El Paso are foreign corporations, organized under the laws of the State of Delaware, and having their principle place of business in Houston, Texas. (Rec. Doc. No. 7-1 at 2). At the time of the incident, Apache was the designated lease operator for the EC-2 platform.

Defendant contends that Plaintiff has failed to join necessary and indispensable non-diverse parties including Apache under Rule 19 of the Federal Rules of Civil Procedure. (Rec. Doc. No. 7-1 at 1). Accordingly, Defendant contends that the Court lacks subject matter jurisdiction and must dismiss the case. (Rec. Doc. No. 7-1

at 1).

Plaintiff contends that Apache cannot be made a proper defendant and further denies that Apache is a party that must be joined under Rule 19. (Rec. Doc. No. 12 at 2).

## II. *Law and Analysis*

A. <u>Standard of Review</u>

1. <u>Motion to Dismiss under Rule 12(b)(7)</u>

Rule 12(b)(7) of the Federal Rules of Civil Procedure states that a party may assert failure to join a party under Rule 19 as a defense. The Fifth Circuit has articulated the following standard in analyzing Rule 12(b)(7) motions:

> Rule 12(b)(7) analysis entails two inquiries under Rule 19. The court must first determine under Rule 19(a) whether a person should be joined to the lawsuit. If joinder is warranted, then the person will be brought into the lawsuit. But if such joinder would destroy the court's jurisdiction, then the court must determine under Rule 19(b) whether to press forward without the person or to dismiss the litigation. Factors to consider under Rule 19(b) include "(1) prejudice to an absent party or others in the lawsuit from a judgment; (2) whether the shaping of relief can lessen prejudice to absent parties; (3) whether adequate relief can be given without participation of the party; and (4) whether the plaintiff has another effective forum if the suit is dismissed."

*HS Resources, Inc. v. Wingate*, 327 F.3d 432, 439 (5th Cir. 2003) (footnotes omitted).

2. <u>Motion to Dismiss under Rule 12(b)(1)</u>

Under Rule 12(b)(1), a party may move to dismiss an action if the Court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison,*

3

*Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The burden of proof in a Rule 12(b)(1) motion falls on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161. Additionally, a Rule 12(b)(1) motion filed in conjunction with other Rule 12 motions should be considered first to prevent a Court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)).

B.   <u>Joinder Under Rule 19</u>

Defendant contends that Apache, Tennessee Gas, El Paso and Callon are necessary parties under the first prong of Rule 19(a). (Rec. Doc. No. 15 at 3). Defendant contends that because two other lawsuits arising from the same casualty name Apache as a defendant, Apache therefore must be joined in this lawsuit. (Rec. Doc. No. 7-1 at 2). Plaintiff argues that the suits to which Defendant refers are personal injury and wrongful death lawsuits filed by Defendant's workers seeking entirely different damages than Plaintiff. (Rec. Doc. No. 12 at 2). The Fifth Circuit has rejected claims that Rule 19 requires joinder of joint tortfeasors, of principal and agent, or of persons against whom defendant may have claim for contribution. *Nottingham v. General American Communications Corp.*, 811 F.2d 873, 880-881 (5th Cir. 1987). Defendant does not claim that Apache and Defendant are joint tortfeasors. (Rec. Doc. No. 12 at 4). Defendant merely notes that in the Richard suit, Island Operating Company was named a defendant

along with Apache and others.  (Rec. Doc. No. 7-1 at 4).  Defendant argues that under Rule 19(a) complete relief cannot be afforded to Plaintiff without bringing Apache into the suit, contending that Plaintiff's obligations as a non-operator are dependent on Apache's obligations.  (Rec. Doc. No. 15 at 3).  However, under Plaintiff's contract with Apache, Apache is not liable to Plaintiff for damages; thus, Plaintiff has no claim against Apache.  (Rec. Doc. No. 12 at 2).

Rule 19(a)(1)(B) requires that the person be made a defendant "claims an interest relating to the subject of the action."  There is no evidence that Apache claims an interest in Plaintiff's action against Defendant for Plaintiff's own losses.  (Rec. Doc. No. 12 at 6).  As stated *supra,* under the applicable operating agreement, Apache has no obligation for, and therefore no interest in Plaintiff's commercial loss.  (Rec. Doc. No. 12 at 6).  Defendant has failed to demonstrate any interest that Apache may have in this suit. Furthermore, ruling on Plaintiff's claim against Defendant will not impair or impede Apache's ability to protect any interest, as any judgment will be directed to Defendant.  (Rec. Doc. No. 12 at 6).

Defendant argues that under Rule 19(b) Apache and others are an indispensable party as the three lawsuits all involve the same incident and set of operative facts.  (Rec. Doc. No. 15 at 5-6).  Defendant alleges that inconsistent rulings from separate courts

will have negative consequences for all relevant parties. (Rec. Doc. No. 15 at 6). However, Defendant will not be subject to multiple or inconsistent obligations for Plaintiff's claim. (Rec. Doc. No. 12 at 6). Defendant is only being sued by Plaintiff for Plaintiff's losses. (Rec. Doc. No. 12 at 8). Furthermore, while the two other lawsuits surround the same incident on the EC-2 platform, the Fifth Circuit has rejected claims that the possibility of multiple litigation is a sufficient basis for a Rule 19 dismissal. *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988). "It is the threat of inconsistent obligations, not the possibility of multiple litigation or a subjective preference for state court, that determines Rule 19 considerations." *Id.* There is no basis for compulsory joinder as there has been no showing that this lawsuit will cause inconsistent obligations with respect to Plaintiff. As such, the motion to dismiss should be denied.

New Orleans, Louisiana, this 29TH day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE