UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


**FAIRFIELD ROYALTY CO.**                                    CIVIL ACTION

**VERSUS**                                                   **NO. 10-3446**

**ISLAND OPERATING COMPANY, INC.**                           SECTION "B"5


## ORDER AND REASONS

Before the Court is defendant, Island Operating Company's Motion to Alter or Amend; alternatively, Motion to Certify for Appeal Pursuant to 28 U.S.C. §1292(b) and responsive pleading. (Rec. Doc. 20 & 24). The plaintiff, Fairfield Royalty Company, filed a memorandum in opposition to Island Operating Company's underlying motion. (Rec. Doc. 21). For the following reasons, **IT IS ORDERED** that Petitioner's motions pursuant to Fed. R. Civ. P. 60 and 28 U.S.C. § 1292(b) are **DENIED**.

## Facts & Procedural History

On October 10, 2010, plaintiff, Fairfield Royalty Corporation ("Fairfield"), filed a complaint with this Court. (Rec. Doc. 1). In the complaint, Fairfield claims to own a 5.9% working interest in leases and a production platform called EC-2. Fairfield further states that its ownership interest is several and not joint. In addition, Fairfield entered into an agreement with Island Operating Company ("IOC") whereby IOC

1

agreed to perform "certain services" in connection with the platform and, as a result, was responsible for the safe operation of the platform.

Sometime around January 13, 2010, there was a fire on board EC-2 that caused substantial damage to the platform. Fairfield alleges that the fire that damaged the platform was caused by the negligence of IOC, its employees and/or those persons for whom IOC is legally responsible. Fairfield claims to have sustained damages in excess of $800,000 as a result of the fire.

IOC filed a motion for an extension of time to answer on December, 21, 2010.  (Rec. Doc. 5).  This court granted that motion on January 13, 2011, allowing for a thirty-day extension. (Rec. Doc. 6). IOC then filed a motion to dismiss on January 27, 2011, pursuant to Fed. R. Civ. P. 12(b)(1)&(7).  (Rec. Doc. 7). In the motion, IOC argued that dismissal was appropriate because the plaintiff had failed to join "necessary and indispensible non-diverse parties" under Fed. R. Civ. P. 19. More specifically, IOC claims that Apache Corporation, a co-lease owner of the platform, is a necessary and indispensable party. IOC argues that Apache's absence will both impair its ability to protect its interest and potentially subject it to inconsistent obligations.

On July 29, 2011, this Court ordered that the motion for dismissal for failure to join a necessary party be dismissed.

(Rec. Doc. 19). Thereafter, on August 16, 2011, the defendant filed a motion pursuant to Fed. R. Civ. P. 60 seeking relief from the Court's previous order and, in the alternative, a 28 U.S.C. §1292(b) motion seeking certification for interlocutory appeal. (Rec. Doc. 20). Then on August 23, 2011, the plaintiff filed a response. (Rec. Doc. 21).

## Law & Analysis

**Rule 19**

The defendant, IOC, filed a motion to reconsider a previous court order pursuant to Fed. R. Civ. P. 60. IOC has not alleged any grounds for relief under Rule 60 section (a) nor any of the particular grounds listed under Rule 60 section (b)(1-5). Therefore, IOC relies on the catch-all provision under Rule 60(b)(6), "any other reason that justifies relief."

A claim is cognizable under Rule 60(b)(6) only where there is evidence of extraordinary circumstances justifying relief. *Klapprott v. United States*, 335 U.S. 601 (1949)(extraordinary circumstances found where defense could not be interposed in immigration case because movant was imprisoned). "The determination of such circumstances is left to the sound discretion of the district court." *Haygood v. Quatermann*, 2008 WL 3244144, 4 (5th Cir. 2008). Furthermore, the Fifth Circuit has held that Rule 60(b)(6) is not an alternative to an appeal, "especially where a mistake of law is at issue." *Id. See also*

*Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002); *Matter of Ta Chi Navigation (Panama) Corp. S.A.*, 728 F.2d 699, 703 (5th Cir. 1984).

IOC does not make any new substantive allegations for extraordinary circumstances requiring reconsideration. Instead, IOC asserts that the Court misapplied the law, relying on the arguments already advanced in its previous motion. In its previous motion and again here, IOC argues that the plaintiff, Fairfield, failed to join a necessary party under Rule 19[1] and as a result of the party being joined, diversity jurisdiction is not extant. For the reasons stated in the previous order and recapitulated below, it is not required that Apache be joined to the instant action. *See* Rec. Doc. 19. Therefore, since IOC argues only that the Court made a mistake of law, the petitioner's Rule 60 motion is denied.

**Interlocutory Appeal**

In the alternative to its Rule 60 motion, IOC seeks certification for interlocutory appeal pursuant to 28 U.S.C.

---

[1] Fed. R. Civ. P. 19(a)(1) states the criterion for determining whether joinder for a specific party is required:
  (A)  In that person's absence, the court cannot accord complete relief among existing parties; or
  (B)  that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
    i.  as a practical matter impair or impede the person's ability to protect the interest; or
    ii. leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

§1292(b). Interlocutory appeals under this provision are appropriate only in "exceptional cases." *U.S. v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985). Under §1292(b) certification is appropriate when "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. §1292(b).

A substantial ground for difference of opinion exists if "the circuits are in dispute on the question and the Court of Appeals of the circuit [encompassing the district court] has not spoken on the point ... or if novel and difficult questions of first impression are presented." *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, 2011 WL 2443693 (E.D. La. 2011)(quoting *Ryan v. Flowserve Corp.*, 444 F.Supp.2d 718, 723-24 (N.D. Tex. 2006)). "An interlocutory appeal assuredly does not lie simply to determine the correctness of a judgment." *Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 68 (5th Cir. 1983). Thus, simply because a party disagrees with the district court's ruling is insufficient to establish that there is a substantial ground for a difference of opinion. *Id*. at 69.

IOC has not pointed to a controlling issue of law to which there is a substantial ground for difference of opinion.

5

Instead, IOC offers only conclusory assertions that the failure to join a necessary party is a controlling issue of law to which there is a substantial difference of opinion. IOC has not offered any applicable law to which there is a substantial difference of opinion as to the applicable standards under Rule 19. Instead, IOC seeks certification for interlocutory appeal simply because they disagree with this Court's decision. The case law clearly establishes that a party's mere disagreement with a court's decision is not a proper ground for interlocutory appeal. Therefore, the petitioner's motion under §1292(b) is denied.

## Conclusion

For the foregoing reasons, **IT IS ORDERED** that the instant Rule 60 and § 1292(b) motions are **DENIED**.

New Orleans, Louisiana, this 8th day of December, 2011.

UNITED STATES DISTRICT JUDGE