```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | | |
|---|---|---|
| **FAIRFIELD ROYALTY CORP.** | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 10-3446 |
| | * | |
| **ISLAND OPERATING COMPANY, INC.** | * | SECTION "B"(5) |

## ORDER AND REASONS

Before the Court is Defendant Island Operating Company Inc.'s ("Defendant") Motion for Summary Judgment and Defendant's responsive pleadings. (Rec. Doc. Nos. 34 and 44). In response, Plaintiff Fairfield Royalty Corporation, ("Plaintiff") submitted an Opposition to the Motion for Summary Judgment. (Rec. Doc. No. 35). For the reasons stated below,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

## PROCEDURAL HISTORY

Apache Corporation ("Apache"), Hilcorp Energy Company ("Hilcorp"), and Plaintiff are co-owners of the East Cameron 2 ("EC-2") oil and gas platform and co-lessees of certain associated mineral rights. (Rec. Doc. No. 35-2 at 2,3). Consequently, Apache, Hilcorp and Plaintiff entered into an Offshore Operating Agreement ("OOA"), specifying that Apache serve as operator of the EC-2 platform, with Hilcorp and

Plaintiff serving as non-operators. (Rec. Doc. No. 35-2 at 2,3). Apache, in its role as operator of the platform, entered into a Master Service Contract ("Contract") with Defendant to provide contract operators to assist on the EC-2 platform. (Rec. Doc. No. 35-2 at 2,3).

On January 13, 2010, a fire broke out on the platform. (Rec. Doc. No. 34-3 at 6). Shortly thereafter, Plaintiff filed a complaint alleging Defendant was liable for damages in excess of $800,000 that resulted from the fire. (Rec. Doc. No. 1). Plaintiff asserts that Defendant is liable due either to Defendant's own negligence or the negligence of someone for whom Defendant is legally responsible. (Rec. Doc. No. 1 at 3). Defendant subsequently filed the instant Motion for Summary Judgment. (Rec. Doc. No. 34).

## **CONTENTIONS OF DEFENDANT**

Defendant contends that Plaintiff is barred from bringing the negligence claim, pursuant to the Contract. (Rec. Doc. No. 34-3 at 6). Specifically, Defendant claims that Plaintiff is a third party beneficiary to the Contract between itself and Apache. (Rec. Doc. No. 34-3 at 8). Therefore, Defendant asserts that it is able to raise any argument against Plaintiff that it would have been able to raise against Apache under the Contract.

(Rec. Doc. No. 34-3 at 8). Because the Contract would prevent Apache from bringing the instant negligence claim, Defendant argues, the Contract also prevents Plaintiff from bringing it as a third party beneficiary. (Rec. Doc. No. 34-3 at 18). Defendant contends that the result is the same under Louisiana state law or Maritime law. (Rec. Doc. No. 34-3 at 18).

## **CONTENTIONS OF PLAINTIFF**

Plaintiff first contends that the Contract between Defendant and Apache distinguishes between Apache as the "Company" and Plaintiff as part of the "Company Group."[1] (Rec. Doc. No. 35 at 2). Plaintiff further asserts that the "Indemnities" section of the Contract intentionally refers only to Company (Apache), not Company Group (Plaintiff). (Rec. Doc. No. 35 at 3). Therefore, Plaintiff argues, Defendant is only indemnified from suits by

---

[1] Plaintiff contends that the MSA contains the language below. However, Plaintiff failed to attach said MSA to its pleading. While Defendant does attach said exhibit, Rec. Doc. No. 34-5, 76-96, it is barely legible in some areas. Therefore, the below language is referenced as stated by Plaintiff regarding the parties' definitions:

> The Contract defines "Company" as Apache and "Company Group" as " Company, its parent, subsidiary and affiliated companies and their officers, directors, employees, in-house legal counsel, agents, representatives, invitees, co-lessees, co-owners, partners, joint ventures, contractors and sub-contractors . . . . " (Rec. Doc. No. 35 at 2).

> However, Plaintiff's failure to append said exhibit and Defendant's attaching a partially illegible exhibit does not fatally affect this analysis because both parties identically refer to the same definitions' section in their pleadings.

Apache, not Plaintiff. (Rec. Doc. No. 35 at 4). Further, Plaintiff asserts that applying the Contract's indemnification clause to prevent the instant tort claim would require reading the Contract to have an implied indemnification clause regarding Plaintiff, which is inconsistent the precedent of this jurisdiction. (Rec. Doc. No. 35 at 7). Plaintiff additionally asserts that the OOA did not give Apache the authority to waive Plaintiff's rights against subcontractors, such as Defendant. (Rec. Doc. No. 35 at 8).

## LAW AND ANALYSIS

### A. Standard of Review

A motion for summary judgment shall be granted by a court "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to the judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party must support a motion by either citing to materials available in the record or showing that the materials do not establish the absence or presence of a genuine dispute. *Id.* at 56(c). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" affirmatively show that there is no material issue of fact. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The burden is on the moving party to identify portions of the record that demonstrate the absence of a genuine issue of material fact. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). However, the burden shifts to the non-moving party if the movant can demonstrate that there is no material fact in dispute. *Celotex*, 477 U.S. at 325.

The court is required to draw inferences of fact in a light most favorable to the non-moving party. *See, e.g. Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Delta Pine & Land Co.*, 530 F.3d at 398. A party opposing a properly supported motion for summary judgment must set forth specific facts showing that there are genuine issues of material fact to be presented at trial. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

**B. Defendant Cannot Succeed on the Instant Motion for Summary Judgment Because Plaintiff is Not a Third Party Beneficiary**

In order for Defendant to prove that Plaintiff is a third party beneficiary to the Contract, and therefore, unable to sue Defendant, it must prove that the Contract between itself and Apache created a stipulation *pour autrui*. *Price v. Hous. Auth. of New Orleans*, 453 F. App'x 446, 450 (5th Cir. 2011). The Louisiana Supreme Court has set out three criteria for

establishing a stipulation *pour autrui* in a contract: "(1) the stipulation for a third party benefit is manifestly clear; (2) there is certainty as to the benefit provided the third party; and (3) the benefit is not a mere incident of the contract between the promisor and promisee." *Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). The United States Court of Appeal for the Fifth Circuit has applied the same test as applied by the Louisiana Supreme Court, holding that in order to establish the third party beneficiary relationship, there must be potential for future liability with respect to the promisee, the advantage to the third party must affect the promisee in a material way, and that there are ties of kinship or other circumstances indicating that a benefit was intended. *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927, 931 (5th Cir. 1995).

Defendant relies heavily on the Louisiana First Circuit Court of Appeal's decision in *Mobil Exploration & Producing U.S. Inc. v. Certain Underwriters Subscribing to Cover Note 95-3317(A)*, arguing that this case requires this Court to view Plaintiff as a third party beneficiary to the Contract. (Rec. Doc. No. 34-3 at 15-16). In *Mobil Exploration*, the Louisiana First Circuit held that St. Mary Parish was a third party

beneficiary of a Joint Operating Agreement. *Mobil Exploration & Prod. v. Certain Underwriters Subscribing to Cover Note 95-3317(A)*, 837 So. 2d 11, 29 (La. Ct. App. 1 Cir. 2002). The court found that articles 1978-1982 of the Louisiana Civil Code allow a third party beneficiary to a contract to be held to the contract's terms and conditions. *Id.* at 27. However, the court noted that in order for these articles to be triggered, "the third party must evidence his intent to avail himself of the stipulated benefits." *Id.* at 29. The court found that the Parish was a third party beneficiary to the contract, as manifested through its actions, such as actively participating in the drilling process. *Id.*

In the present case, and viewing the facts in the light most favorable to Plaintiff, Defendant's attempts to establish a third party beneficiary relationship under the Contract is contradicted by the language of the Contract. *See* (Rec. Doc. No. 34-3 at 14); *see* (Rec. Doc. No. 35 at 5).[2] Plaintiff does not deny that it is part of the Company Group as stated in the Contract, however,

---

[2] Article 11(a)(2) states: "Company agrees to be solely responsible for and assume all liability for and hereby agrees to defend, indemnify, and hold harmless Contractor Group." (Rec. Doc. 35 at 5).

Defendant also cites to this section of the Contract in its Motion. However, it attempts to mischaracterizes Plaintiff as a party to the Contract by stating "Company [Apache/FRC (as a TPB)]." (Rec. Doc. No. 34-3 at 14); *see also* (Rec. Doc. No. 34-4, at 76). The use of brackets to "identify" the respective parties to the attendant contract is misleading, at best.

7

article 11(a)(2) of said Contract is clear that it *only* applies to Company and Defendant as "Contractor Group," indemnifying Contractor Group from any claims of negligence brought by the Company.3  *See Joseph*, 939 So. 2d at 1212 ("Each contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person."); (Rec. Doc. 34-3 at 14).

Further, in the absence of any evidence that Plaintiff was intended to be a party to the Contract, this Court cannot infer that a third party beneficiary relationship existed.  *See Price*, 453 F. App'x at 450; *Liquid Drill*, 48 F.3d at 931.  Defendant misplaces its reliance on *Mobil Exploration* because unlike the actions of the Parish in *Mobil Exploration* where it was an active participant in the contract, Defendant is unable to point to any actions of Plaintiff that manifest an intent to be a beneficiary of the Contract.  *Mobil Exploration*, 837 So. 2d at 29.  Instead, Defendant only relies on the language of the Contract that excludes Plaintiff as a party to the Contract.  (Rec. Doc. No.

---

3  Article 11 a(2) states, in pertinent part:

"Company agrees to be solely responsible for and assume all liability for and hereby agrees to defend, indemnify, and hold harmless Contractor Group . . . . for loss or property damage, bodily injury, illness, disease or death sustained by Company or its employees . . ."   (Rec. Doc. No. 34-5 at 76).

34-3 at 14). As such, summary judgment in favor of Defendant is inappropriate at this time.

For the reasons stated above,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.

New Orleans, Louisiana, this 9th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE